# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 PROCEEDING |
| LEROY N. BUTLER | : | CASE NO. : 17-60436 |
| | : | JUDGE RUSS KENDIG |
| DEBTOR(S) | : | |

*************************************************************************

## CHAPTER 13 TRUSTEE'S AMENDED OBJECTION TO CONFIRMATION OF DEBTOR'(S) AMENDED PLAN DATED AUGUST 1, 2017

**Now comes the Standing Chapter 13 Trustee, Toby L. Rosen**, for the above captioned case and objects to Confirmation of the Debtor'(s) proposed Plan on the grounds that said plan is in violation of 11 U.S.C. Section(s):

**Chapter 7 value**

    1325 (a) (3) the plan has been proposed in good faith and not by any means forbidden by law.

    1325 (a) (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

**REAL ESTATE**
**FRAUDULENT CONVEYANCE TO DAUGHTER**

**Good Faith**

    1325 (a) (3) the plan has been proposed in good faith and not by any means forbidden by law.

**DEBTOR IS KEEPING 198 HELEN THAT HE DOES NOT LIVE IN AND FOR WHICH HE RECEIVES NO INCOME**

**Unfeasible**
    1325 (a) (6) the debtor will be able to make all payments under the plan and to comply with the plan

    1325 (a) (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title.

**PLAN WILL NOT COMPLETE IN 60 MONTHS**

**Discrimination**
    1325 (a) (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title.

By failing to comply with 11 U.S.C. Section
    1322 (b) (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated, however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims.

**THE TRUSTEE SHOULD NOT PAY FOR REAL ESTATE TAXES ON PROPERTY THAT IS BEING SURRENDERED**

    **WHEREFORE**, the Standing Chapter 13 Trustee prays that the confirmation of the debtor(s) plan be **denied.**

                                **/S/ Toby L. Rosen**
                                **Toby L. Rosen, Chapter 13 Trustee**

# **CERTIFICATE OF SERVICE**

I certify that on September 25, 2017, a true and correct copy of the OBJECTION was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

    REBECCA K HOCKENBERRY, on behalf of LEROY N. BUTLER, at rebecca@alhattorneys.com

And by regular U.S. Mail, postage prepaid, on:

    NONE

    /s/ Toby L. Rosen
Toby L. Rosen, Chapter 13 Trustee
400 West Tuscarawas Street, 4th Floor
Canton, Ohio 44702
330-455-2222