UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| LEROY N. BUTLER | ) | CASE NO. 17-60436 |
| | ) | |
| Debtor | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MOTION OF SANTANDER CONSUMER** |
| | ) | **USA, INC. FOR RELIEF FROM STAY** |
| | ) | |
| | ) | PROPERTY: |
| | ) | ** 2013 KIA Sportage |
| | ) | VIN# KNDPC3A62D7410208 |

Santander Consumer USA, Inc. (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, and under Federal Rule of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay by imposed Bankruptcy Code § 362.

<u>MEMORANDUM IN SUPPORT</u>

1.   The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.   On April 8, 2015 the Debtor LeRoy N. Butler obtained a loan from **Montrose Ford Lincoln/Mercury** in the amount of $24,499.80. Such loan was evidenced by a promissory note and

Security Agreement dated April 8, 2015, (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor LeRoy N. Butler executed a Security Agreement in favor of **Montrose Ford Lincoln/Mercury** dated April 8, 2015 (the "Security Agreement"). The Security Agreement granted a lien on the personal property, 2013 KIA Sportage VIN# KNDPC3A62D7410208 (the "Collateral"), owned by the Debtor, LeRoy N. Butler. The Collateral is more fully described in the Security Agreement (check one):

☐ attached as Exhibit B;

OR

☒ contained in the Note, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by:

☐ Filing of the Security Agreement in the office of the _____ County Recorder on _____.

☐ Filing of the UCC-1 Financing Statement in the office of _____ on (DATE).

☒ Notation of the lien on the Certificate of Title.

☐ Other (state with particularity)_____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable,

is attached as Exhibit B. Based on the Certificate of Title, the lien is the 1st lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion is Santander Consumer USA, Inc., 5201 Rufe Snow Dr Ste 400, North Richland Hills, TX 76180.

6. The entity servicing the loan is: N/A.

7. The Note was transferred as evidenced by the following:

    a. If the Collateral is real estate:

        i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

☐ N/A.

OR

☐ By endorsement on the Note payable to _____.

OR

☐ By blank endorsement on the Note.

OR

☐ By allonge attached on the Note payable to _____.

OR

☐ By blank allonge, attached to Note.

OR

☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in

possession of the original note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation) _____.

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit _. Explain why it provides Movant the authority to endorse the Note:
_____
_____
_____.

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the _____ to _____ .

iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated _____ in the _____. A copy of the judgment is attached at Exhibit _.

iv. Other_____ [explain].

b. If the Collateral is not real estate (check one):

☐ N/A.

OR

☒ **As is set forth in Exhibit A, the Note and Security Agreement were assigned from**

**Montrose Ford Lincoln/Mercury to Santander Consumer USA, Inc.**

8. The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

☒ **As is set forth in Exhibit A, the Note and Security Agreement were assigned from Montrose Ford Lincoln/Mercury to Santander Consumer USA, Inc.**

9. The value of the Collateral is $14,550.00. This valuation is based on the N.A.D.A.

10. As of the date of this motion, there is currently due and owing on the Note the outstanding principal balance of $24,499.80, plus interest accruing thereon at the rate of 25.00% per annum from May 15, 2016, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the Movant. The amount of the credit is N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

- [x] N/A.
- [ ] The (COUNTY) Treasurer, for real estate taxes, in the amount of $(AMOUNT)
- [ ] (CO-OWNERS, IF APPLCABLE)
- [ ] (ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ (ADD ADDITIONAL PARTIES AS APPROPRIATE))

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

- [x] Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: The Debtor has failed to tender periodic payments to Movant.
- [ ] Debtor has failed to keep the Collateral insured as required by the Security Agreement.
- [ ] Debtor has failed to keep current the real estate taxes owed on the Collateral.
- [x] Debtor has failed to make periodic payments to Movant for the months of May 2016 through July 2018, which unpaid payments are in the aggregate amount of $18,028.53 through August 10, 2018. The total provided in this paragraph cannot be relied upon as a post-petition reinstatement quotation.

☐ Debtor is delinquent in funding the plan, and therefore the Trustee has failed to make periodic payments to Movant since the commencement of the bankruptcy case for the months of (STATE EACH MONTH AND YEAR), which unpaid payments are in the aggregate amount of (AMOUNT) through (DATE). The total provided in this paragraph cannot be relied upon as a post-petition reinstatement quotation.

☒ Debtor has no equity in the Collateral, because the Collateral is valued at $14,550.00 NADA, and including the Movant's lien, there are liens in an aggregate amount of $24,499.80 on the Collateral.

☐ Debtor plan provides for surrender of the Collateral.

☐ The Property is not necessary to an effective reorganization because_____.

☒ **Other cause (set forth with specificity): the loan charged off October 31, 2016.**

14. Movant has completed the worksheet, attached as Exhibit C.

WHEREFORE, Movant prays for an order from the Court: granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable non-bankruptcy law.

Respectfully submitted,


<u>/s/ Edward A. Bailey</u>
REIMER LAW CO.
BY: Cynthia A. Jeffrey #0062718
BY: Edward A. Bailey #0068073
BY: Richard J. LaCivita #0072368
30455 Solon Road
Solon, Ohio 44139
Phone: 440-600-5500
Fax:   440-600-5522
Attorneys for Creditor
ebailey@reimerlaw.com

CERTIFICATE OF SERVICE

I certify that on August 17, 2018, a true and correct copy of the Motion for Relief from Stay was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

1. Office of the U.S. Trustee at (registered address)@usdoj.gov

2. Toby L Rosen on behalf of the Chapter 13 Trustee's office at trosen@chapter13canton.com

3. Rebecca K Hockenberry, Esq. on behalf of LeRoy N. Butler, Debtor, at rebecca@hockenberrylaw.com

And by regular U.S. mail, postage prepaid, to:

1. LeRoy N. Butler, Debtor
   204 Helen Avenue
   Mansfield, OH 44903


/s/ Edward A. Bailey
REIMER LAW CO.
BY: Cynthia A. Jeffrey #0062718
BY: Edward A. Bailey #0068073
BY: Richard J. LaCivita #0072368
30455 Solon Road
Solon, Ohio 44139
Phone: 440-600-5500
Fax:   440-600-5522
Attorneys for Creditor
ebailey@reimerlaw.com